PETIT, Appellant, v. DEPASS

---

(July 5th, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Burial Places—Par. 1, 4.

The ownership of tombs and burial lots is acquired under such regulations and subject to such conditions as may be prescribed by the owners of the cemetery, and are not subject to the general laws, relative to the transfer of real estate.

2. Louisiana Digest—Burial Places—Par. 4.

The recognition, by a cemetery association, of the ownership of the upper vault of a tomb creates a presumption that such ownership was acquired in accordance with its rules and regulations and subsequent purchasers of the tomb are charged with such knowledge.

Appeal from Civil District Court, Division "E". Hon. Wm. H. Byrnes, Judge.

Action by Louise Petit against Mr. and Mrs. Samuel Depass.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Chas. Louque, of New Orleans, attorney for plaintiff, appellant.

A. A. Calongue, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This suit involves the ownership of a tomb in the St. Louis Cemetery.

Plaintiff claims to have acquired by private conveyance from Eglantine Petit, who, it is alleged, inherited the tomb from her father Louis Petit.

Defendants assert title to the upper vault of the tomb (there being two vaults, an upper and a lower) through their grandmother, Erminie or Emilie Peyran. There was judgment recognizing plaintiff as the owner of lot on which the tomb stands and as owner of the lower vault of the tomb with the right of burial therein, and recognizing Mrs. DePass, together with the lawful heirs, Emilie Peyran, as the owner

of the upper or top vault of the tomb with right of burial therein.

Plaintiff alone has appealed. The only question, therefore, which we are concerned with, is the correctness of the judgment insofar as it awards the top vault of the tomb to defendants. There is considerable testimony in the record as to who built the tomb, who cared for it during the nearly one hundred years of its existence and the names of the individuals buried therein. Much of this testimony is hearsay which we are asked to disregard.

It has been established, however, by competent evidence, that the tomb for a period long prior to the date of plaintiff's acquisition (1902) has stood on the books of the cemetery in the names of Peyran and Petit jointly. Peyran being the registered owner of the upper vault and Petit the owner of the lower. These books are presumed to be correct. Moreover, under Sec. 387 R. S., sales of burial lots, tombs, etc., are regulated by the rules and requirements of the owners of the cemeteries and are not subject to the general provision of our law with respect to the transfer of real estate. The recognition by the cemetery authorities of the ownership of Peyran of the upper vault creates the presumption that the ownership was acquired in accordance with the rules of that association and this presumption has not been overcome by any evidence before us.

We see no error in the judgment appealed from and it is therefore affirmed.